BY THE COURT.

It is not necessary to go over the extensive ground of conflict between the Courts of Common Law and Chancery. The jurisdiction of the Court of Chancery has regularly increased, and is found to be beneficial to society: it should rather be enlarged, than circumscribed. Numerous cases shew, that Courts of Chancery have interfered after trials at law. The case of a receipt evidencing the payment, of money, for which, notwithstanding, a judgment has been rendered; and that of a judgment against an executor on the plea of ne unques executor, may be put as examples. The latter was a case of extreme severity, and merited relief. It would be cruel that a man, for so small a mistake, should be liable for so large a sum: it would be contrary to moral justice; but, if the rule that equity was not to interfere after judgments at law, was never to be departed from, it must have stopped at the threshold.
*465 In this case the complainant says, that the decree of the Court of Admiralty was a bar to the action at law : The defendant says, he should have availed himself of it at law.
A receipt is a defence at law, yet it has ever been ad-milled to be used in equity after a judgment at law. *
A proper distinction is, where the defence comes to the knowledge of the party after the judgment.
In the ease cited from Prec. Oh. the action brought was in trover; and the declaration gave notice of the cause of action: Therefore, it was then incumbent on the defendant to set up the proper defence.
This is an action for money had and received to the plaintiff’s use. Although it be a liberal and beneficial action, yot it must be allowed that the declaration gives no notice to the defendant of the nature of the claim.† The foundation of the decision in both Courts was the same.
Whether the vessel was a prize or wreck, was properly triable in the Court of Admiralty. Both parties so understood it, and applied to that Court. They are at issue, and it is decided to be a prize. The receipt of their proportion of the money is a stronger acquiescence under the decree of the. Court of Admiralty, than the bond is under the judgment of the County Court.
The decree was affirmed by the unanimous opinion of the Court.‡
Judge Fleming was absent.

[* Countess of Gainsborough v. Gifford, 2 P Wms. 425: See Barbone v. Brent, 1 Vern. 176.]

[† See Wood v. Luttrell et al. 1 Call, 209, note.]

[‡ See Terrel v. Dick, 1 Call, 546, and cases there cited.]